**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30318 |
| Plaintiff - Appellee, | DC No. 2:10 cr-329 JLR |
| v. | |
| ANH THI NGUYEN, aka Ahn Thi Nguyen, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted October 11, 2012
Seattle, Washington

Before:     KOZINSKI, Chief Judge, TASHIMA, and M. SMITH, Circuit Judges.

Defendant-Appellant Anh Nguyen appeals her jury conviction for three

counts of wire fraud in violation of 18 U.S.C. §§ 1342 and 1343, and nine counts

of fraud under the Supplemental Nutrition Assistance Program (SNAP), formerly

---

        *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

known as the food stamp program, in violation of 7 U.S.C. § 2024(c) and 18 U.S.C. § 2. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.  Nguyen's conviction did not result from a constructive amendment to, or fatal variance from, the original indictment. Consistent with the allegations in the indictment, the proof at trial showed unequivocally that Nguyen met SNAP beneficiaries outside of supermarkets, took their cards into the markets, and gave them cash upon her return. Even if isolated allegations in the indictment were not proven at trial, "[a]s long as the crime and the elements of the offense . . . are fully and clearly set out in the indictment, the right to a grand jury is not normally violated by the fact that the indictment alleges more crimes or other means of committing the same crime." *United States v. Miller*, 471 U.S. 130, 136 (1985).

2.  The district court did not abuse its discretion in admitting the testimony of a Program Specialist from the Department of Agriculture's Food and Nutrition Service. The expert did not testify to legal conclusions, but instead provided permissible background on the regulatory framework. *See Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016-17 (9th Cir. 2004). Moreover, any error in admitting this testimony was harmless in light of the overwhelming evidence of guilt.

**3.** The SNAP fraud regulations are not unconstitutionally vague as applied to Nguyen. The applicable regulations provide that (1) "[p]rogram benefits may be used only . . . to purchase eligible food for the household," 7 C.F.R. § 274.7(a), and (2) food stamp benefits "may be accepted by an authorized retail food store only from eligible households or the households' authorized representative, and only in exchange for eligible food. Coupons may not be accepted in exchange for cash," 7 C.F.R. § 278.2(a). As applied to Nguyen, these regulations "provide a person of ordinary intelligence fair notice of what is prohibited . . . ." *United States v. Williams*, 553 U.S. 285, 304 (2008). Specifically, a person of ordinary intelligence would understand that paying beneficiaries cash equal to half the face value of their SNAP benefits – without providing any food to those beneficiaries – violates these regulations.

**AFFIRMED.**